# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MITCHEL HOFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>HETTRICK CYR & ASSOCIATES, INC.<br><br>    Defendant. | CIVIL NO. _____<br><br><br><br>AUGUST 11, 2014 |

## **COMPLAINT**

Plaintiff Mitchel Hoffman, on his own behalf and on behalf of all others similarly situated, by and through his undersigned counsel, alleges as follows:

1. This is a collective action for violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et *seq.* ("FLSA"), and is brought to remedy widespread violations by Defendant Hettrick Cyr & Associates, Inc., that have deprived Plaintiff, as an investigator, along with all other investigators employed by the Defendant and subject to the same or similar terms and conditions of employment in the State of Connecticut, of wages and overtime wages to which they are entitled. This complaint also asserts claims under Connecticut law on behalf of Plaintiff and all those employees of the Defendant who are and have been subject to substantially similar wage payment violations.

2. Plaintiff was employed by Defendant from June, 2012 until May, 2014, to perform surveillance and related investigative tasks at various locations in Connecticut and, from time to time, to continue surveillance activities of subjects who traveled outside the state.

3. Defendant is engaged in interstate commercial activities and is an employer within the meaning of the federal FLSA.

4. At all times material herein, Defendant employed approximately 10 investigators under similar terms and conditions of employment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, insofar as Plaintiff's action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the Plaintiff was hired within this district and the terms and conditions of his employment were established in this District.

## PARTIES

7. Plaintiff is an individual and resident of Norwalk, CT.

8. Defendant is a Connecticut corporation with a principal place of business in Glastonbury. Defendant's business includes conducting surveillance of, and reporting upon, individuals who have made claims for injuries against Defendant's clients, primarily in the

- 2 -

insurance industry. In connection with its investigative business, Defendant provides reports prepared by its investigators to its clients for a fee. Such reports include narrative descriptions of the investigators' surveillance activities, and digital video files made by investigators depicting the activities of subjects identified by Defendant's clients.

9. Plaintiff routinely received emailed assignments each evening, or early in the morning, for his day's surveillance. The emails were transmitted to Plaintiff at his home in Norwalk. Upon receipt, Plaintiff would perform work in the form of researching the location where the surveillance would be performed. He then would drive various distances to the sites where surveillance activities would be conducted. Upon arrival, he would find a location from which the surveillance could be conducted covertly. He would then use a video camera to record activities of the subject.

10. Upon completion of the day's surveillance activities, Plaintiff would drive back to Norwalk. He was required by Defendant to prepare and submit a written summary together with an edited digital video file depicting the subject and his or her activities as observed and recorded at various times during the surveillance. Plaintiff was required as a condition of continued employment to submit such reports and edited video files daily.

11. Defendant suffered or permitted Plaintiff to work from early in the morning each day, when Plaintiff researched and planned the surveillance, until transmission of a completed

- 3 -

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

written and video report via Internet connection in the evening. Plaintiff routinely worked twelve or more hours per day, but was compensated by Defendant only for those hours actually spent in surveillance, plus a special rate for those occasions when the travel time to a surveillance location was more than one hour. Plaintiff routinely worked six days per week from June, 2012 until November, 2013, and five days a week from November, 2013, until May, 2014.

12. Defendant failed and refused to compensate Plaintiff for the time he spent compiling and transmitting field reports each work day, and failed to pay all overtime as required by law.

13. Defendant directed Plaintiff to submit time records showing only the time spent in active surveillance, rather than accurate records of all time in which Plaintiff was suffered or permitted to work, in violation of 26 U.S.C. § 211(c) and in violation of Conn. Gen. Stat. §31-66.

## COLLECTIVE FLSA ACTION ALLEGATIONS

14. Plaintiff sues on behalf of himself and all other investigators employed by Defendant in Connecticut. This is an appropriate collective or representative action under 29 U.SD.C. § 216(b). Plaintiff and other present and former investigators are similarly situated in that they are all subject to Defendant's common plan or practice of refusing to pay either straight time or overtime for time spent preparing and submitting reports, and to Defendant's common policy of requiring investigators to submit time records that were inaccurate.

- 4 -

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

**COUNT ONE: Violation of 29 U.S.C. § 206.**

1-13.   Paragraphs 1-13 above are hereby incorporated as Paragraphs 1-13 of this count as if fully set forth herein.

14.   Defendant failed to pay Plaintiff and other investigators for all hours worked.

**COUNT TWO: Violation of 29 U.S.C. § 207.**

1-13.   Paragraphs 1-13 of Count One above are hereby incorporated as Paragraphs 1-13 of this count as if fully set forth herein.

14.   Defendant violated 29 U.S.C. § 207 in failing to pay the Plaintiff, and in failing to pay all similarly situated investigators, overtime wages for all hours of work in excess of 40 hours in any work week.

**COUNT THREE:** Individual Claim Pursuant to Conn. Gen. Stat. §31-72.

1-13.   The foregoing Paragraphs 1-13 of Count One are hereby incorporated as Paragraphs 1-12 of this Count as if fully set forth herein.

14.   Defendant violated Conn. Gen. Stat. §§31-60 and 31-66, inasmuch as it failed to maintain true and accurate time records of the hours worked by Plaintiff and failed to pay Plaintiff for all hours worked by Plaintiff, including but not limited to the time spent traveling to

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

and from work assignments selected by Defendant and time spent preparing and submitting written reports and video summaries.

15. Defendant violated Conn. Gen. Stat. §§31-60, inasmuch as it failed to pay the overtime rate for all overtime hours worked by Plaintiff.

16. Plaintiff seeks recovery of twice the amount of his unpaid compensation, plus attorneys' fees, pursuant to Conn. Gen. Stat. § 31-68 and/or Conn. Gen. Stat. § 31-72.

**COUNT FOUR. Class Action Claim Pursuant to Conn. Gen. Stat. §§31-68 and 31-72.**

1-13. The foregoing Paragraphs 1-13 of Count One are hereby incorporated as Paragraphs 1-13 of this Count as if fully set forth herein.

14. Defendant violated Conn. Gen. Stat. §§31-60, inasmuch as it failed to pay its investigators for all hours worked by Plaintiff and other investigators, including but not limited to the time spent traveling to and from work assignments selected by Defendant and time spent preparing and submitting written reports and video summaries.

15. Defendant violated Conn. Gen. Stat. §§31-60, inasmuch as it failed to pay the overtime rate for all overtime hours worked by Plaintiff and other investigators who were similarly situated.

- 6 -

16. Plaintiff seeks recovery of twice the amount of his unpaid compensation, plus attorneys' fees, pursuant to Conn. Gen. Stat. § 31-68 and/or Conn. Gen. Stat. § 31-72; and similar relief for all investigators who were similarly deprived of compensation under the provisions of Connecticut law.

### RELIEF REQUESTED

**Wherefore, Plaintiff seeks, with respect to Counts One and Two:**

1. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

2. Damages in the amount of Plaintiff's unpaid compensation pursuant to 29 U.S.C. § 216;

3. Damages in the amount of unpaid compensation for each present or former investigator who participates in this action;

4. Liquidated damages under the FLSA;

5. An order directing the Defendant to supply the names and home addresses of the similarly situated investigators employed by the Defendant within the past three (3) years;

6. Attorneys' fees and costs as permitted by 29 U.S.C. § 216; and

7. Such additional legal and equitable relief as the court may deem fair, just and reasonable.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

**Plaintiff further seeks, pursuant to Count Three:**

1. Damages and double damages in the amount of Plaintiff's unpaid compensation pursuant to C.G.S. § 31-72 and pursuant to Connecticut laws and regulations governing the obligation of employers to pay employees for all hours of work, including travel time;

2. Attorneys' fees and costs; and

3. Such other further legal and equitable relief as the court may deem just and proper.

**Plaintiff seeks, pursuant to Court Four:**

1. Certification of a class of investigators employed by Defendant in the past three years;

2. Damages in the amount of unpaid compensation for each present or former class member;

3. Double damages;

4. Attorneys' fees and costs; and

5. Such additional legal and equitable relief as the court may deem fair, just and reasonable.

**PLAINTIFF CLAIMS THE RIGHT TO A TRIAL BY JURY**

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Dated: August 11, 2014

                PLAINTIFF, MITCHEL HOFFMAN

By:    Andrew L. Houlding, Esq.
        Rome McGuigan, P.C.
        One State Street
        Hartford, CT   06103
        (860) 549-1000
        (860) 724-3921- Fax
        Federal Bar No. Ct12137